The opinion of the court toas.delivered by

Mr. Justice JYott.

The constitution of this state requires the secretary of state and the surveyor-general to keep offices, both in Columbia and Charleston. They are authorized to keep a deputy at one office, while they perform the duties of the other themselves; the constitution itself therefore recognizes the deputies as public officers. The act of 1803,2d Faust, 498, authorizes the copies of grants and plats, certified by the secretary of state and surveyor-general to be received in evidence, where the originals are lost. This court has decided that copies of such records, certified by ¿he deputies, come within the spirit, tho’ not the letter of the actr and have permitted them to be given in evidence; and it appears necessary, from the very constitution of those offices, that the official acts of the deputies should be respected as of the same authority as those of their principals; and I think it very well settled, that the acts of public officers, purporting to be official. *223 ought to be regarded as such, without any evidence of their appointment; 3 Campbell, 332 2nd. Dallas, 131.
Petigru, for motion,
Dum-.m, contra.
It has, however, been contended, that as the appointment of deputies is by their principals, and held' at their pleasure, it is not of such public notoriety as to give their acts a claim to such high respect; and I think the argument entitled to no little consideration. But when it is observed that the papers themselves, purport to be the copies of documents remaining of record, in a,public office, and thereby furnish the means of detection, should any fraud or imposition exist, and as each furnishes evidence of the genuineness of the other, no danger or -inconvenience can result from admitting them without further proof. On the other hand, great inconvenience would result from requiring evidence aliunde in every such case, an inconvenience which would increase with the lapse of time, until it might become impossible that any such could be produced. It Is said, that the evidence which was offered, went rather to disprove that Burger was the deputy-secretary of state, because the witness said, he had known him act for the surveyor-general; but he did not know that he had acted as deputy-secretary. But it will be recollected, that the two offices are kept together, and the same person may act as deputy in both; proof of his being in possession of one, furnishes presumptive evidence that he may have performed the duties of. the other. The certificate of Willison does not authorize’a contrary inference rbe-because he was in Columbia, and Burger in.Charleston. I am ■of opinion, therefore, that the testimony ought to have been received and that a new trial should be granted.
Johnson, Gantt and Sugar, Justices, concurred..